RECEIVED
IN ALEXANDRIA, LA

FEB 10 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **DANNY KELLY**<br>    LA. DOC #451624<br>**VS.** | **CIVIL ACTION 09-1955**<br>**SECTION P**<br>**JUDGE DRELL** |
| **VICTOR JONES, JR. ET AL.** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Danny Kelly, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on November 16, 2009. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He is incarcerated at the Natchitoches Parish Detention Center (NPDC), Natchitoches, Louisiana. He complains that he was injured while employed in NPDC's work-release program and then wrongfully removed from the program and convicted of a prison disciplinary rules violation which resulted in the forfeiture of 180 days of good time credits. Plaintiff sued Natchitoches Parish Sheriff Victor Jones, Jr., NPDC Work-Release Director Sherrie Moore, the Martco Plywood Company, and Mrs. Connie Baker, Human Resources Director at Martco Plywood. Plaintiff seeks $100,000 in damages, the "termination of Sherrie Moore", and the reinstatement of 180 days of lost good time credits.

This matter has been referred to the undersigned for review,

report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Plaintiff is an inmate in the custody of the LDOC. He is incarcerated at the NPDC, and, from some unspecified date until March 27, 2009, he participated in the NPDC Work-Release Program; he was assigned a job at Martco Plywood.

On or about March 3, 2009, plaintiff was injured when a large splinter entered his arm. The splinter was surgically removed that same day at the Central Louisiana Ambulatory Surgical Center, Inc., in Alexandria. Plaintiff was apparently released that same day following surgery and instructed to "... cleanse the wound and change dressing starting March 6..." and to "... apply Neosporin to right elbow after bathing and redress with large bandaid or wrap..." [rec. doc. 1, pp. 8-9]

He apparently was able to return to work and on March 27, 2009 his employment at Martco was terminated by Martco's Human Resource Coordinator, Connie Baker. According to a Disciplinary Statement authored by Moore, Baker and another Martco associate met with plaintiff on March 24, 2009 and counseled him for "... not working as a team and not taking directions from his lead

man..." According to Baker, plaintiff "... became very emotional..." On March 27, Martco's Superintendent and Supervisor scheduled a second conference with plaintiff to discuss "... Not working as a team, not following instructions from the lead men and not remaining in his work area..." Plaintiff, however, could not be found until 45 minutes later when he was discovered in the break-room. The Superintendent and Supervisor questioned plaintiff concerning his presence in the break-room when it was not break time and he replied that he went to take his medicine. However, according to the NPDC medical department, plaintiff was not taking any prescription medication. Plaintiff was dismissed from the work-release program and assigned to NPDC's general population because he "... continues to disobey instructions on how to perform his work assignment, hiding out from work and leaving the work area without permission..." [rec. doc. 1, p. 6]

Plaintiff was also charged with a disciplinary rules violation – Rule 28 – Aggravated Work Offense[1] by Ms. Moore. [rec. doc. 1, pp. 5-6] On March 30, 2009 he was referred to the

---

[1] Title 22 La. ADC Pt I, §363(v) defines an aggravated work offense as follows: "Work Offenses, Aggravated (Schedule B). An offender who flatly refuses to work or to go out to work or who asks to go to administrative segregation rather than work is in violation of this Rule, as is an offender who disobeys repeated instructions as to how to perform his work assignment. Hiding out from work or leaving the work area without permission is a violation. Falling far short of fulfilling reasonable work quotas is not permitted. Being absent or late for work roll call without a valid excuse (such as no duty or callout) is a violation, as is not reporting for extra duty assignment. Being late to work or to school assignment is a violation. (A school assignment is considered to be a work assignment for the purposes of this rule.)"

LDOC's Regional Disciplinary Board. [rec. doc. 1, p. 7]

Sometime prior to May 3, 2009 plaintiff was apparently found guilty of the disciplinary rules violation and ordered to forfeit either 153 or 180 days of good time.[2]

On May 3, 2009 plaintiff submitted an Inmate Grievance claiming that Ms. Moore violated his rights by forfeiting good time and by taking his job when "... Martco Plywood have never told me or give me a pink slip say that I was terminated, at the time I was injure at Martco and I was still hurting from my injury at Martco and I have papers saying that I was on medication that's something Ms. Moore didn't check..." [rec. doc. 1, p. 10]

Plaintiff's grievance was apparently rejected and he filed the instant complaint on November 6, 2009.

## Law and Analysis

### 1. Screening

When a prisoner files a complaint in a civil action seeking redress from a governmental entity or officer or employee of a governmental entity, the district court is obliged to review the complaint as soon as is feasible and to dismiss the case if it

---

[2] In his complaint plaintiff alleged that he lost 180 days of good time. See rec. doc. 1, ¶V, p. 4; However, in his prisoner grievance he alleged that he lost 153 days of good time. See rec. doc. 1, p. 10, Inmate Grievance Form.

determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C.A. §§ 1915 and 1915A; see also 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, falls to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. Nietzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir.1998) (quotation omitted).

A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995).

Plaintiff's complaint and exhibits present the best case

which could be presented by plaintiff under the circumstances. The undersigned is convinced that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the undersigned concludes, for the reasons stated hereinafter, that plaintiff has failed to state a claim for relief, that his claims are frivolous as a matter of law, and, that his complaint should therefore be dismissed with prejudice.

### 2. *Prison Disciplinary Proceeding*

Plaintiff implies that he was wrongfully convicted of a prison disciplinary offense and that as a result, 153 or 180 days of accumulated "good time" credits were forfeited. Through this action, plaintiff seeks the reinstatement of those credits as well as monetary damages.

"A prisoner cannot, in a § 1983 action, challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceeding." Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998), citing Preiser v. Rodriguez, 411 U.S. 475, 487, 93 S.Ct. 1827, 1835, 36 L.Ed.2d 439 (1973). Thus, to the extent that plaintiff, through this proceeding, seeks restoration of the forfeited "good time" credits, he has failed

to state a claim for which relief may be granted and his complaint is subject to dismissal on that basis.[3]

To the extent that plaintiff seeks monetary damages for the alleged defects in the disciplinary hearing, his complaint fares no better. Prisoners cannot bring a civil rights action pursuant to §1983 action seeking damages based upon irregularities in a prison disciplinary proceeding that resulted in the forfeiture of "good time" credits, until the offending disciplinary conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a state collateral proceeding or by the issuance of a federal writ of *habeas corpus*, if a favorable judgment in the civil rights action would necessarily imply the invalidity of the

---

[3] The undersigned is reluctant to construe this aspect of plaintiff's complaint as a petition for writ of *habeas corpus* because based on the information thus far supplied, and otherwise available, it is clear that plaintiff has not litigated this claim in the Louisiana courts. Under Louisiana law, plaintiff may see judicial review of disciplinary action taken against him by filing an action in the Nineteenth Judicial District Court. See La. R.S.15:1177. If not satisfied, he may seek discretionary review in the First Circuit Court of Appeals and then in the Louisiana Supreme Court. See La. Const. Art. 5, §§5 and 10.

It is well-established that before proceeding to federal court for the purpose of attaining *habeas corpus* relief, a petitioner must first exhaust his available state court remedies. 28 U.S.C. § 2254; Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir.1988). A review of the presumptively reliable published jurisprudence reveals no Louisiana Supreme Court writ judgments involving the plaintiff's recent disciplinary proceedings. Therefore, it is apparent that plaintiff has not exhausted state court remedies.

disciplinary conviction at issue. Clarke, 154 F.3d at 189; see also Edwards v. Balisok, 520 U.S. 641, 644, 117 S.Ct. 1584, 1587 (1997) ( citing Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994)).

It is abundantly clear that a favorable judgment in plaintiff's favor in this proceeding would, of necessity, call into question the validity of the disciplinary proceedings he complains of; therefore, plaintiff cannot obtain monetary damages for this allegedly improper disciplinary conviction until such time as it has been reversed, expunged, or otherwise set aside. Clearly, that has not happened. Thus, to the extent that plaintiff seeks monetary damages for his prison disciplinary conviction, his complaint must be dismissed as frivolous.

### 3. *Work-Release*

Plaintiff also contends that he is entitled to monetary damages either because he was wrongfully terminated from the Work Release program. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct.

2250, 101 L.Ed.2d 40 (1988).[4]

Plaintiff also implies that the defendants, who are all state actors, deprived him of his right to participate in the NPDC work release program; he thus implies that in so doing, the defendants violated his right to Due Process. Plaintiff has neither a liberty nor property interest in the work release program and therefore his due process claims are frivolous. La. R.S.15:1111, the statute establishing the work release program, provides in part, "The Department [of Corrections] shall establish rules for the administration of the work release program and shall determine those inmates who may participate in the release program. Any convict sentenced to imprisonment at hard labor shall be eligible at any time during his sentence to participate in the work release program..."

In Welch v. Thompson, 20 F.3d 636 (5th Cir. 1994), the Fifth Circuit determined that La. R.S.15:1111 entrusts the actual operation of the work release program to the LDOC. The

---

[4] Section 1983 provides in pertinent part, "Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 42 U.S.C. § 1983.

court further determined that the statute does not dictate to the LDOC who it must put on work release. In short, the Fifth Circuit has held that "...La. R.S.15:1111 <u>does not create a liberty interest</u> subject to the Due Process Clause." <u>Welch v. Thompson</u>, 20 F.3d 636, 644 (5th Cir. 1994). Since the statute does not create a protected liberty interest for eligible prisoners, there can be no deprivation of a liberty interest protected by the due process clause of the Constitution, and therefore plaintiff cannot show that a constitutional right has been violated.

To the extent that plaintiff also implies that he was deprived of a "property interest" as opposed to a liberty interest in violation of the due process clause, such an argument also lacks an arguable basis in law and fact. In <u>Board of Regents v. Roth</u>, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972), the Supreme Court concluded that in order to have a property interest in a benefit, a person must have more than a "unilateral expectation" of it. Rather, he must "have a legitimate claim of <u>entitlement</u> to it." *Id.* (emphasis supplied). Thus, the "property interest" protected by the due process clause of the Fourteenth Amendment is defined by the concept of "entitlement," which in turn describes "the security of

interests that a person has already acquired in specific benefits." *Id.* at 576, 92 S.Ct. at 2708. In other words, a person's interest in a benefit is a property interest only "if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit..." Evans v. City of Dallas, 861 F.2d 846, 848 (5th Cir. 1988). Plaintiff can point to no rule or understanding which entitles him to participate in the program. In any event, the Fifth Circuit has also held that prisoners have no property interest work-release employment. Bulger v. U.S. Bureau of Prisons, 65 F.3d 48 (5th Cir.1995).Plaintiff is not entitled to participate in the Louisiana work-release program and therefore to the extent that he implies that he was denied either a liberty interest or a property right in violation of the Due Process Clause, such claims are subject to dismissal as frivolous.

### 4. Conclusion and Recommendation

To the extent that plaintiff seeks restoration of his "good time" credits through this civil rights complaint, he has failed to state a claim for which relief may be granted. To the extent that he seeks monetary damages for the violations of his civil rights in the prison disciplinary proceeding which resulted in

11

the forfeiture of those credits, his complaint is subject to dismissal as frivolous. Finally, to the extent that he maintains that he was deprived of his right to participate in the work release program without due process, his claim is likewise frivolous. Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. §§ 1915 and 1915A.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by**

the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, _____, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE